'DORE, Judge.
'This is a suit for workmen’s compensation wherein plaintiff alleges that while in the course of his employment at the sawmill óf T. H. Davidge, at Natalbany,, Tangi-pahoa Parish, Louisiana, on December 18, 1948, he sustained a double hernia due to a strain while loading logs, at about 4:00 P. M. that afternoon. He sues the insurer of his employer alleging that he is totally and permanently disabled and claims compensation at the rate of Twenty ($20.00) Dollars per week for a period not to exceed four hundred (400) weeks and medical expenses not to exceed Six Hundred ($600.00) Dollars and all costs.
The defendant in his answer admits that the plaintiff was employed as alleged but denies all the other material allegations of the petition. Defendant also denies any notice of any alleged injury except letters written to T. H. Davidge on April 20,, 1949; and to defendant on April 29, 1949, by the attorneys for plaintiff. .
After trial of the case, for written reasons assigned, the trial judge came to the conclusion that- the plaintiff had failed to prove his case and consequently dismissed plaintiff’s suit at his costs. Plaintiff has appealed.
The testimony as to the alleged accident is not very impressive; The plaintiff states that at about 4:00 P. M. on December 18, 1948, he was in the act of loading logs on a truck with fellow employees;' the logs were being pulled by a chain and which chain was pulled by two horses, and while rolling one of these logs he “hurt” himself. He does not describe any particular pain as is usually the case when one- sustains -a hernia. The only corroboration of his testimony in regard to being hurt is the testimony of Percy Mason, who merely states that plaintiff told him he got hurt, and the testimony of Dennis Finley, who stated that he was working with plaintiff and “I heard him hollo, T am hurt around here’, I went around to see about him” and in effect that plaintiff- told him he got hurt while loading small logs with a hook. He states that he did not see plaintiff do any more work then because this was the last load *130 but he does say that plaintiff drove the truck to the mill and “I guess he unloaded them when he got to the mill.” It may be observed that plaintiff made no attempt to deny that he drove the truck to the mill and unloaded it.
Plaintiff also testified that he reported his injury that same evening to L. K. Mitchell, the contractor in charge of the work at the sawmill, but both Mitchell and Davidge positively denied having been notified until April, 1949. Neither of these witnesses has any interest in the suit since the defendant is the insurer and not the employer.
Medical testimony consists of the testimony of four doctors.
Dr. L. L. Ricks testified that he examined the plaintiff a short time after his alleged accident and found a potential or incomplete hernia on the right side and no evidence of any hernia on the left side.
Dr. H. H. McClendon testified that he examined plaintiff in November, 1949, at which time he found a right inguinal hernia which in his opinion disabled plaintiff from performing the work he was doing at the time of his alleged accident. Dr. McClen-don,, of course, testifies entirely from the history of the case as given by the plaintiff and had no other knowledge as to how the ■hernia which he found was caused.
The other two doctors, Dr. J. D. Thames and Dr. A. L. Lewis, filed statements to the effect that they failed to find the injury plaintiff complained of.
It may be observed that plaintiff after his alleged accident continued to work for two or three days thereafter at his same job, although he maintains that he merely drove the horses and did nothing strenuous. It is also shown that he left the job because the work was completed and that about a month or two later he again applied for work and, as testified by Mr. Davidge and Mr. Mitchell, he never complained of any injury until the case was turned over to his attorneys in April, 1949.
The medical testimony as to plaintiff’s injury is conflicting since two of the doctors failed entirely to find a disabling injury and one of the doctors merely found a potential or incomplete hernia. It is true that Dr. McClendon found a right inguinal hernia which in his opinion disabled plaintiff from doing manual labor but this examination was practically one year after the alleged accident.
Like the trial judge, we are convinced that the evidence is insufficient to prove an injury sustained during the course of plaintiff’s employment. The circumstance of late notice plus the circumstance that after the alleged accident he apparently continued in his duties by driving the truck and unloading it and later continued his employment for some two or three days and until the work of that job was completed, all point to the conclusion that he did not sustain any serious accident or injury at the time and place alleged. The courts are liberal in cases involving workmen’s compensation, but even in such cases the plaintiff must prove his case to a legal certainty. We can find no manifest error in the conclusion of fact of the trial judge that he has failed to do this and for that reason, the judgment appealed from is affirmed.